1  THOMAS P. O'BRIEN
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  ANN LUOTTO WOLF
   Assistant United States Attorney
6  California State Bar No. 137163
        United States Courthouse
7       411 West Fourth Street, Suite 8000
        Santa Ana, California  92701
8       Telephone:  (714) 338-3533
        Facsimile:  (714) 338-3708
9       Email:    Ann.Wolf@usdoj.gov

10 Attorneys for Plaintiff
   United States of America

11

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                    SOUTHERN DIVISION

15 UNITED STATES OF AMERICA,      )   NO.  SACV 06-378-AHS (MLGx)
                                  )   [AND THE FOLLOWING
16             Plaintiff,         )   CONSOLIDATED ACTIONS:
                                  )   SACV 06-384-AHS (MLGx)
17             v.                 )   SACV 06-387-AHS (MLGx)
                                  )   SACV 06-388-AHS (MLGx)
18 REAL PROPERTY IN GARDEN GROVE, )   SACV 06-392-AHS (MLGx)
   CALIFORNIA,                    )   **CV 06-2210-AHS (MLGx)**
19                                )   CV 06-2212-AHS (MLGx)
               Defendant.         )   CV 06-2216-AHS (MLGx)
20 ─────────────────────────────  )   CV 06-2217-AHS (MLGx)
                                  )   CV 06-5081-AHS (MLGx)
21 ZNC PLAZA, INC.; EVERTRUST     )   CV 07-167-AHS (MLGx)
   BANK; AGSTAR FINANCIAL         )
22 SERVICES; JONG OCK MAO; PLAZA  )
   SUNSET INVESTMENTS, LP; ZNC    )   **[**
23 ENTERPRISES, LLC; JONG'S       )   **CONSENT JUDGMENT**
   CONSULTING, INC.; WASHINGTON   )
24 MUTUAL BANK; and MORTGAGE      )   [This document pertains to
   ELECTRONIC REGISTRATION        )   **CV 06-2210, only,** and is
25 SYSTEMS, INC., and EDWARD LUTT,)   being lodged concurrently
                                  )   with a proposed consent
26            Claimants.          )   judgment in Real Property in
                                  )   La Puente,  CV 06-2212; Real
27 ─────────────────────────────  )   Property in Paramount, CV
                                  )   06-2217; and $46,050.41, et
28 AND CONSOLIDATED ACTIONS.      )   al., CV 07-167; the two
   ─────────────────────────────  )   consent judgments resolve
                                      and dispose of the remainder
                                      of the consolidated actions]

1    On April 11, 2006, plaintiff United States of America

2  ("plaintiff" or the "government") commenced a forfeiture action

3  against a parcel of real property located in Las Vegas, Nevada

4  (the "Las Vegas property action").  [See United States v. Real

5  Property in Las Vegas, Nevada, CV 06-2210-AHS (MLGx).]  In that

6  action, as in all of the consolidated cases, the government

7  alleges that the defendant property was purchased with proceeds

8  of violations of the Travel Act, 18 U.S.C. § 1952(a), rendering

9  it subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

10    On May 12, 2006, claimant Edward Lutt ("claimant") filed a

11  statement of interest in the Las Vegas property action.  No other

12  claims, statements of interest, or answers have been filed, and

13  the time for filing claims, statements, and answers has expired.

14    The government and claimant have agreed to settle the Las

15  Vegas property action and to avoid further litigation.

16    The Court having been duly advised of and having considered

17  the matter, and based upon the mutual consent of plaintiff and

18  claimant,

19    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

20    1.   This Court has jurisdiction over the Las Vegas property

21  action pursuant to 28 U.S.C. §§ 1345 and 1355.

22    2.   The Complaint for Forfeiture states claims for relief

23  pursuant to 18 U.S.C. § 981(a)(1)(C).

24    3.   Notice of the action has been given as required by law.

25  Claimant filed the only claim, statement of interest, or answer

26  in the Las Vegas property action.  Claimant is relieved of his

27  duty to file an answer in the action.  The Court deems that all

28  / / /

other potential claimants admit the allegations of the Complaint
for Forfeiture to be true.

    4.   Claimant agrees to forfeiture as set out below, and a
judgment of forfeiture is hereby entered in favor of the United
States:

        (A)  The Las Vegas property shall be and hereby is
forfeited to the United States of America, and no other
right, title, or interest shall exist therein.  The Las
Vegas property is located at 316 Challas Street, Las Vegas,
Nevada, 89110, and is more particularly described as
follows:
Lot sixteen (16) in Block one (1) of Metropolitan Park
No. 16 as shown by Map thereof on file in Book 20 of
Plats, Page 95, in the Office of the County Recorder of
Clark County, Nevada.

        (1)  The Recorder for Clark County, Nevada, shall
index this judgment in the grantor index under the name
of Edward Lutt and in the grantee index under the name
of the United States of America.

        (2)  Title having vested in plaintiff United
States of America, the United States shall proceed to
dispose of the Las Vegas property in accordance with
the law.  Upon disposition of the property, and
following deduction of costs incurred by the Department
of Homeland Security -- U.S. Customs and Border
Protection and payment of unpaid real property taxes
assessed against the Las Vegas property up to the date
of entry of Judgment of Forfeiture, the remaining

3

proceeds generated by the disposition of the Las Vegas
property shall be deposited in accordance with the law.

5.   Claimant will execute further documents, to the extent necessary, to convey clear title to the Las Vegas property and to further implement the terms of this Consent Judgment.

6.   The parties waive the redacting and sealing requirements of L.R. 79-5.4.

7.   Claimant hereby releases the United States of America, its agencies, officers, and employees, including employees of the Department of Homeland Security, Immigration and Customs Enforcement, the Internal Revenue Service -- Criminal Investigation Division, and the Department of Homeland Security - U.S. Customs and Border Protection, and local law enforcement agencies, their agents, officers, and employees, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs, or interest on behalf of claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

8.   The Court finds that there was reasonable cause for the institution of these proceedings against the Las Vegas property. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED:  March 27, 2009.

ALICEMARIE H. STOTLER
_____
THE HONORABLE ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

/ / /

/ / /

/ / /

4

<u>CONSENT</u>

The government and claimant consent to judgment and waive any right of appeal.

DATED:  February ___, 2009    THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


_____
ANN LUOTTO WOLF
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED:  January ___, 2009


_____
EDWARD LUTT, Claimant