```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  ANN LUOTTO WOLF
    Assistant United States Attorney
 6  California Bar No. 137163
       United States Courthouse
 7     411 West Fourth Street, Suite 8000
       Santa Ana, California 92701
 8        Telephone:  (714) 338-3533
          Facsimile:  (714) 338-3708
 9        Email:      ann.wolf@usdoj.gov

10  Attorneys for Plaintiff
    United States of America
11
12                      UNITED STATES DISTRICT COURT
13                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
14                            SOUTHERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>REAL PROPERTY IN GARDEN GROVE, CALIFORNIA,<br><br>        Defendant.<br><br>ZNC PLAZA, INC.; EVERTRUST BANK; AGSTAR FINANCIAL SERVICES; JONG OCK MAO; PLAZA SUNSET INVESTMENTS, LP; ZNC ENTERPRISES, LLC; JONG'S CONSULTING, INC.; WASHINGTON MUTUAL BANK; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and EDWARD LUTT,<br><br>        Claimants.<br><br>AND CONSOLIDATED ACTIONS. | NO.  SACV 06-378-AHS (MLGx)<br>[AND THE FOLLOWING CONSOLIDATED ACTIONS:<br>SACV 06-384-AHS (MLGx)<br>SACV 06-387-AHS (MLGx)<br>SACV 06-388-AHS (MLGx)<br>SACV 06-392-AHS (MLGx)<br>CV 06-2210-AHS (MLGx)<br>**CV 06-2212-AHS (MLGx)**<br>CV 06-2216-AHS (MLGx)<br>**CV 06-2217-AHS (MLGx)**<br>CV 06-5081-AHS (MLGx)<br>**CV 07-167-AHS (MLGx)**<br><br>**CONSENT JUDGMENT**<br><br>[This document pertains to **CV 06-2212, CV 06-2217, and CV 07-167, only,** and is being lodged concurrently with a proposed consent judgment in <u>Real Property in Las Vegas, NV</u>, CV 06-2210; the two consent judgments resolve and dispose of the remainder of the consolidated actions] |

On April 11, 2006, plaintiff United States of America ("plaintiff" or the "government") commenced forfeiture actions against:

- a parcel of real property located in La Puente, California, <u>United States v. Real Property in La Puente, California</u>, CV 06-2212-AHS (MLGx) (the "La Puente property action"); and

- a parcel of real property located in Paramount, California, <u>United States v. Real Property in Paramount, California</u>, CV 06-2217-AHS (MLGx) (the "Paramount property action").

On January 5, 2007, the government filed a Complaint for Forfeiture against the following seized assets:

- $46,050.41 in bank account funds (the "defendant bank account funds");
- $83,031.00 in U.S. currency (the "defendant currency"); and
- various collectable coins and uncut sheets of U.S. currency valued at $22,680.00 (the "collectable coins and sheets").

Collectively, the defendant bank account funds, the defendant currency, and the collectable coins and sheets shall be referred to herein as the "seized assets."

In each of these consolidated actions, the government alleges that the defendant properties were purchased with proceeds of violations of the Travel Act, 18 U.S.C. § 1952(a), and/or were involved in money laundering transactions, rendering the assets

/ / /

subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

On May 12, 2006, claimant Edward Lutt ("claimant Lutt") filed a statement of interest in the La Puente property action. On July 10 and 11, 2006, lien-holder claimant Washington Mutual Bank ("claimant WMB") filed a claim and an answer, respectively, in the La Puente property action.

On May 12, 2006, claimant Edward Lutt ("claimant Lutt") filed a statement of interest in the Paramount property action. On June 15, 2006, lien-holder claimant Mortgage Electronic Registrations Systems, Inc. ("claimant MERS") filed a claim and an answer in the Paramount property action.

Claimant Lutt, from whose residence the collectable coins and sheets were seized, asserts that he and/or his immediate family are the sole owners of the collectable coins and sheets. Claimant Lutt filed the only claim to the collectable coins and sheets in the administrative forfeiture proceedings.

No other claims, statements of interest, or answers have been filed in the La Puente property action, the Paramount property action, and the seized assets action, and the time for filing claims, statements, and answers has expired.

The government and claimants have agreed to settle the La Puente property action, the Paramount property action, and the seized assets action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of plaintiff and claimants,

/ / /

3

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the La Puente property action, the Paramount property action, and the seized assets action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaints for Forfeiture state claims for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3. Claimant Lutt is relieved of his duty to file a claim and answer in the seized assets action.

4. Notice of the actions has been given as required by law. Claimants identified herein filed the only claims, statements of interest, and/or answers in the La Puente property action, the Paramount property action, and the seized assets action. The Court deems that all other potential claimants admit the allegations of the Complaints for Forfeiture to be true.

5. The Department of Homeland Security - U.S. Customs and Border Protection ("CBP") shall transfer up to a maximum of $5,000.00 of the defendant currency to claimant MERS to reimburse MERS for its reasonable attorneys' fees, which payment shall be made by a check in an amount up to $5,000.00, made payable to "Pite Duncan, attorney-client trust account," and sent to Michelle A. Mierzwa, Pite Duncan, 525 East Main Street, P.O. Box 12289, El Cajon, California, 92022-2289.

6. Claimants agree to forfeiture as set out below. A judgment of forfeiture is hereby entered in favor of the United States, which shall dispose of the following defendant properties in accordance with the law:

   (A) The defendant bank account funds plus all accrued interest are hereby forfeited to the United States of

America, and no other right, title, or interest shall exist therein.

 (B) $79,231.00 of the defendant currency, less the amount paid pursuant to paragraph 5 above, plus all accrued interest is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

 (C) Eight U.S. Mint bags of nickels valued at $440.00 are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

 (D) Three U.S. Mint bags of half-dollars valued at $330.00 are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

 (E) One U.S. Mint bag of dollar coins valued at $2,200.00 is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

 (F) Twelve uncut BEP sheets of U.S. bills valued at $1,200.00 are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

7. The following properties shall be returned to claimant Lutt:

 (A) $3,800.00 of the defendant currency without interest;

 (B) Thirty-five U.S. Mint bags of quarters valued at $6,270.00; and

5

1    (C)  Various loose, foreign, collectable, and/or
2       commemorative coins valued at $12,240.00.
3    8.  The actions against the La Puente property and the
4 Paramount property are hereby dismissed.  The government will
5 record withdrawals of lis pendens within 30 days of the entry of
6 judgment.
7    9.  Claimants will execute further documents, to the extent
8 necessary, to convey clear title to the defendant properties and
9 to further implement the terms of this Consent Judgment.
10   10.  Claimants hereby release the United States of America,
11 its agencies, officers, and employees, including employees of the
12 Department of Homeland Security, Immigration and Customs
13 Enforcement, the Internal Revenue Service -- Criminal
14 Investigation Division, and CBP, and local law enforcement
15 agencies, their agents, officers, and employees, from any and all
16 claims, actions, or liabilities arising out of or related to
17 these actions, including, except as expressly set forth herein,
18 any claim for attorneys' fees, costs, or interest on behalf of
19 claimants, whether pursuant to 28 U.S.C. § 2465 or otherwise.
20   11.  The Court finds that there was reasonable cause for the
21 institution of these proceedings against the La Puente property,
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

```
 1  the Paramount property, and the seized assets.  This judgment
 2  shall be construed as a certificate of reasonable cause pursuant
 3  to 28 U.S.C. § 2465.
 4  DATED:  March 27, 2009.
```

ALICEMARIE H. STOTLER
_____
THE HONORABLE ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE

CONSENT

The government and claimants consent to judgment and waive any right of appeal.

DATED:  February ___, 2009      THOMAS P. O'BRIEN
                                United States Attorney
                                CHRISTINE C. EWELL
                                Assistant United States Attorney
                                Chief, Criminal Division
                                STEVEN R. WELK
                                Assistant United States Attorney
                                Chief, Asset Forfeiture Section


                                _____
                                ANN LUOTTO WOLF
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                United States of America

DATED:  January ___, 2009       _____
                                EDWARD LUTT, Claimant


DATED:  February ___, 2009      ADORNO, YOSS, ALVARADO & SMITH



                                _____
                                SCOTT J. STILMAN

                                Attorneys for JPMorgan Chase
                                Bank, N.A., an acquirer of certain
                                assets and liabilities of Claimant
                                Washington Mutual Bank from the
                                FDIC acting as receiver

7

DATED: February ___, 2009      PITE DUNCAN, LLP

_____
JOHN D. DUNCAN
PETER J. SALMON
MICHELLE A. MIERZWA

Attorneys for Claimant
Mortgage Electronic Registration Systems, Inc.